UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
JORGE GUAMAN *on behalf of himself,* :
*FLSA Collective Plaintiffs and the Class* :
                                                                          :   13-CV-3820 (LGS)
                              **Plaintiffs,**                     :
                                                                          :
              -v-                                                      :
                                                                          :
5 "M" CORP., BALARINI RESTAURANT      :
CORP., OCINOMLED, LTD., 50/50               :
RESTAURANT CORP., MILAN LICUL           :
and DENNIS TURCINOVIC,                           :
                                                                          :
                              **Defendants.**                   :
------------------------------------------------------------ x

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND FOR COURT FACILITATION OF <u>NOTICE PURSUANT TO 29 U.S.C. § 216 (b)</u>

Jeffrey W. Pagano
Ira M. Saxe
**CROWELL & MORING LLP**
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 223-4000
(212) 223-4134 (fax)

*Attorneys for Defendants Five "M" Corp., Balarini Restaurant Corp., Ocinomled, Ltd., 50/50 Restaurant Corp., Milan Licul and Dennis Turcinovic*

# **TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 3 |
| III. | ARGUMENT: CONDITIONAL CERTIFICATION MUST BE DENIED | | 5 |
| | A. | Legal Standard | 5 |
| | B. | Plaintiff Has Not Demonstrated the Existence of a Policy or Practice that Violates the FLSA and Applies to the Entire Proposed Class | 6 |
| | C. | Plaintiff Fails to Demonstrate that Members of a Class Would be Similarly Situated | 7 |
| | | 1. Variations in Responsibilities, Hours, Pay Rates, and Other Factors of the Job Titles in the Proposed Class Make Conditional Certification Inappropriate | 10 |
| | | 2. The Proposed Scope of the Class is Also Inappropriate by Virtue of the Applicable Statute of Limitations | 11 |
| | D. | Plaintiff's Proposed Notice Reflects the Fatal Deficiencies in His Certification Motion | 12 |
| IV. | CONCLUSION | | 13 |

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ali v. N.Y.C. Health & Hosps. Corp.*,
   No. 11 Civ. 6393 (PAC), 2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013) ................................. 8

*Barfield v. N.Y.C. Health & Hosps.*,
   No. 05-6319, 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) ..................................................... 8

*Carruthers v. Keiser Sch., Inc.*,
   No. 8:09-cv-2641, 2010 WL 5055876 (M.D. Fla. Dec. 3, 2010) ........................................... 11

*Castro v. Spice Place, Inc.*,
   No. 07 Civ. 4657, 2009 WL 229952 (S.D.N.Y. Jan. 30, 2009) ............................................ 8, 9

*Diaz v. Elecs. Boutique of Am., Inc.*,
   No. 04-CV-0840(SR), 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005) ................................... 10

*Fernandez v. Wells Fargo Bank, N.A.*,
   No. 12 Civ. 7193, 2013 WL 4540521 (S.D.N.Y. Aug. 28, 2013) ............................................ 8

*Guan Ming Lin v. Benihana Nat'l Corp.*,
   755 F. Supp. 2d 504 (S.D.N.Y. 2010) ..................................................................................... 4

*Hoffman-La Roche, Inc. v. Sperling*,
   493 U.S. 165 (1989) ................................................................................................................ 4

*Hunter v. Sprint Corp.*,
   346 F. Supp. 2d 113 (D.D.C. 2004) ........................................................................................ 5

*IBP, Inc. v. Alvarez*,
   546 U.S. 21 (2005) .................................................................................................................. 9

*Khan v. Airport Mgmt. Svcs., LLC*,
   No. 10 Civ. 7735, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) ......................................... 11

*Laroque v. Domino's Pizza, LLC*,
   557 F. Supp. 2d 346 (E.D.N.Y. 2008) .................................................................................... 9

*Lujan v. Cabana Mgmt., Inc.*,
   No. 10-CV-755 (ILG), 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) .................................. 6, 12

*McBeth v. Gabrielli Truck Sales, Ltd.*,
   768 F. Supp. 2d 396 (E.D.N.Y. 2011) .................................................................................. 13

*Mendoza v. Casa de Cambio Delgado, Inc.*,
    No. 07CV2579(HB), 2008 WL 938584 (S.D.N.Y. Apr. 7, 2008) ............................................ 5

*Reed v. Mobile Cnty. Sch. Sys.*,
    246 F. Supp. 2d 1227 (S.D. Ala. 2003) ................................................................................. 12

*Seever v. Carrols Corp.*,
    528 F. Supp. 2d 159 (W.D.N.Y. 2007) .................................................................................. 10

*Simmons v. T-Mobile USA, Inc.*,
    Civil Action No. H-06-1820, 2007 WL 210008 (S.D. Tex. Jan. 24, 2007) ............................ 11

*Trinidad v. Pret A Manger (USA) Ltd.*,
    --- F. Supp. 2d ----, 2013 WL 3490815 (S.D.N.Y. June 11, 2013) ........................................ 13

*Vaicaitiene v. Partners in Care, Inc.*,
    No. 04-9125, 2005 WL 1593053 (S.D.N.Y. July 6, 2005) ..................................................... 12

*Winfield v. Citibank, N.A.*,
    843 F. Supp. 2d. 397 (S.D.N.Y. 2012) ................................................................................... 13

**FEDERAL STATUTES**

29 U.S.C. § 216(b) ........................................................................................................................ 4, 13

FLSA ............................................................................................................................................ passim

**STATE STATUTES**

New York Labor Law ........................................................................................................................ 13

Defendants Five "M" Corp., Balarini Restaurant Corp., Ocinomled, Ltd., 50/50 Restaurant Corp., Milan Licul, and Dennis Turcinovic (collectively, "Defendants") respectfully file this opposition to Plaintiff's Motion for Conditional Collective Certification and for Court Facilitation of Notice Pursuant to 29 U.S.C. § 216 (b) ("Motion for Conditional Certification" or "Motion") filed by Plaintiff Jorge Guaman ("Plaintiff").  Set forth below are the points and authorities supporting Defendants' Opposition.

## I.     INTRODUCTION

Section 16 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), authorizes the initiation of an action to recover damages for a violation of the FLSA by an employee on behalf of himself and other employees "similarly situated." 29 U.S.C. § 216(b). In such actions, the District Court can decide that the litigation proceed as a "collective action" through the issuance of a notice to putative class members advising them of their right to join the action. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167 (1989). A case is appropriate for what is called "conditional certification" and notice only where there exists a class of similarly situated employees who are subject to an employer's employment policy or plan alleged to violate the FLSA. Particularly necessary, there must be a sufficient factual nexus between the plaintiff's allegations and the claims of the putative class members. *See, e.g., Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 509 (S.D.N.Y. 2010).

The Motion seeks conditional certification of a broad class of employees, across entirely different employers, job titles, and work locations, over a six-year period. The Motion lacks both sufficient factual support and legal justification and should be denied.

Plaintiff has failed to establish the requirements for conditional certification, namely that the putative class is "similarly situated" to Plaintiff. Plaintiff's Complaint and his

1

declaration in support of the Motion fail to establish that he, as a Cook at the Murano/Delmonico's Kitchen restaurant, is similarly situated to individuals who worked as line-cooks, dishwashers, food preparers, porters, runners, bussers, waiters, barbacks, or bartenders at Murano/Delmonico's Kitchen.  Furthermore, he has wholly failed to establish that he is similarly situated to any employees who were employed by completely different employers at different restaurants, namely Arno Risorante, Delmonico's Restaurant, or Scaletta Restaurant.  The significant differences among members of the putative class, employed by Murano/Delmonico's Kitchen Restaurant, as well as between members of the putative class and Plaintiff, which include different jobs as well as different and separate employers, are sufficient to render conditional certification untenable at this time.

Plaintiff's Motion is dead-on-arrival because it does not meet the threshold requirement of identifying a common policy or plan of each named employer that violates the FLSA.  *See Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004).  Instead, the Motion provides little more than speculation and conclusory allegations that the class sought to be certified was subject to a common policy enforced by four (4) different employers that violated the FLSA without even identifying the particular employer, the policy or the term and condition of employment of each employer effected by the policy. *See Mendoza v. Casa de Cambio Delgado, Inc.*, No. 07CV2579(HB), 2008 WL 938584 (S.D.N.Y. Apr. 7, 2008) ("conclusory allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action").  In fact, Plaintiff's only support regarding the existence of a policy comes from the conclusory statements in his declaration of a "common enterprise," which does not include any reference of a policy or even knowledge that the conclusory allegation applies to either Arno Ristorante, or Delmonico Restaurant and/or Scaletta Restaurant

2

or otherwise.  *See* Declaration of Jorge Guaman at ¶ 2(d) ("To the best of my knowledge and based on my personal observation, the Defendants operate the four restaurants as a common enterprise. . . .  Based on my conversations with my fellow employees who had worked at other Delmonico Restaurants . . . I learned that all four restaurants followed the same wage and hour policies.")  These hearsay statements are insufficient to meet Plaintiff's burden that there was a common policy of each named employer applicable to the class that violated the FLSA.

Even if Plaintiff's Motion had presented sufficient evidence to support collective action certification, it certainly lacks sufficient evidence to support the scope of the proposed class.  Indeed, Plaintiff's declaration only presents personal knowledge as to cooks at one named employer, Murano/Delmonico's Kitchen.  It names other employees at Murano/Delmonico's Kitchen performing several other positions, but not the majority of the positions listed in the Motion.  Plaintiff's declaration provides no evidence to credibly suggestion that he is similarly situated to any individuals who were employed in any capacity at each of the named employers operating separate restaurants other than Murano/Delmonico's Kitchen.  Plaintiff's allegations are weak, at best, and they certainly cannot support a class of employees employed by different employers that he has proposed.  *Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG) , 2011 WL 317984, at *8 (E.D.N.Y. Feb. 1, 2011) (where plaintiffs failed to present any first-hand sworn evidence of FLSA violations at specific restaurant locations, a class could not be certified with respect to employees at those locations).

For all the foregoing reasons, Plaintiff's Motion must be denied.

II.     **FACTUAL BACKGROUND**

Defendants are comprised of four distinct corporate employers and two individuals employed by different corporate employers.  Each of the corporate defendants ("Defendant Companies") operates separately utilizing different management, different

employers, different operations, different marketing, and different staffing that is wholly separate from those of the other Defendant Companies.

Balarini Restaurant Corp. ("Balarini") was incorporated in New York State in 1985 and it operates Arno Ristorante, located at 141 West 38th Street, New York, NY 10018. Pereira Decl. ¶ 2.  The General Manager of Arno, Carlos Pereira, is responsible for the operations of the restaurant, including maintaining the business and liquor licenses, managing employee performance, determining hours of service and work assignments of employees, as well as business strategy, determination of wages, and operational needs.  *See* Pereira Decl. ¶ 3. The liquor license, Food Service Establishment license, and New York State Department of Taxation and Finance Certificate of Authority for Arno have been issued to Balarini.  Pereira Decl. ¶ 5.  Arno, through Balarini, engages in its own marketing and promotional activities, including listing on internet services such as OpenTable and Seamless.  Pereira Decl. ¶ 6.

Five "M" Corp. ("Five M") is a New York corporation, registered in 1983, that operated Murano Ristorante at 207 W. 36th Street, New York, NY 10018 until approximately October 2012.  Morovic Decl. ¶ 2.  It now operates Delmonico's Kitchen at the same location. Morovic Decl. ¶ 2.  Delmonico's Kitchen is run by its General Manager, Denis Morovic. Morovic Decl. ¶ 3.  The relevant permits for Delmonico's Kitchen, such as its permits from NYC Buildings, its liquor license, and its Food Service Establishment License, are all held by Five M. Morovic Decl. ¶ 5.  Mr. Morovic is responsible for these permits and is listed as the contact person on several of these licenses.  Morovic Decl. ¶ 5.  Furthermore, Mr. Morovic is responsible for the entire operations of Murano/Delmonico's Kitchen, including managing employee performance, payment of and determination of wages to employees, as well as hours of service and work.  Morovic Decl. ¶ 3.

Ocinomled, Ltd. ("Ocinomled") was registered as a New York corporation in 1999, and it operates Delmonico's Restaurant at 56 Beaver Street, New York, NY. Turcinovic Decl. ¶ 1. Delmonico's engages in significant marketing and promotional activities through Ocinomled and its general manager, Denis Turcinovic, including NYC Restaurant Week, and promotions through internet sites like Groupon, Seamless, and Livebookings. Turcinovic Decl. ¶ 6. Delmonico's Department of Health permits and liquor license are issued to Ocinomled. Turcinovic Decl. ¶ 5. Mr. Turcinovic is responsible for the operations of Delmonico's including vendor selection, managing employee performance, hours of service and work, and determination of wages to employees. Turcinovic Decl. ¶ 3.

50/50 Restaurant Corp. ("50/50") was registered as New York corporation in 1988, and it operates Scaletta Ristorante at 50 West 77th Street, New York, NY 10024. Grgurev Decl. ¶ 1, 2. Scaletta's Owner and General Manager, Omer Grgurev, is responsible for the operations, including maintaining business licenses, coordinating vendors, bookkeeping, marketing, managing employees, and monitoring employees' time. Scaletta's business licenses, such as its liquor license, Department of Health permit, and New York State tax certificate are issued to 50/50. Grgurev Decl. 3, 5.

### III.     ARGUMENT: CONDITIONAL CERTIFICATION MUST BE DENIED

#### A.     Legal Standard

This District Court, along with other District Courts in the Second Circuit, has recognized that conditional certification is inappropriate in the absence of admissible probative evidence of an actual identifiable policy of an identifiable employer that does not comply with the wage and hour laws. *See, e.g., Barfield v. N.Y.C. Health & Hosps.*, No. 05-6319, 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (where the plaintiff's evidence consisted only of legal conclusions and "limited anecdotal hearsay," conditional certification was not appropriate);

5

*Fernandez v. Wells Fargo Bank, N.A.*, No. 12 Civ. 7193, 2013 WL 4540521, at *17 (S.D.N.Y. Aug. 28, 2013) (insufficient support for conditional certification where "plaintiffs' declarations omit key details concerning the identities of speakers and participants, and even approximate dates"); *Ali v. N.Y.C. Health & Hosps. Corp.*, No. 11 Civ. 6393 (PAC), 2013 WL 1245543, at *3 (S.D.N.Y. Mar. 27, 2013) (certification denied where the plaintiff's only evidence of a common policy was "uncorroborated, anecdotal hearsay about the hours [he] believed others worked"). This evidence of a common policy is even more crucial where, as here, Defendant Companies are entirely separate corporate entities with separate strategic operations, identities, employees and management. *Castro v. Spice Place, Inc.*, No. 07 Civ. 4657, 2009 WL 229952, at *3 (S.D.N.Y. Jan. 30, 2009) ("Some evidence of such a common policy to violate the law is particularly significant in this case given that Defendant Restaurants are six distinct New York corporations and that defendants dispute plaintiffs' characterization of defendants as a joint employer under the FLSA.").

> **B.     Plaintiff Has Not Demonstrated the Existence of a Policy or Practice that Violates the FLSA and Applies to the Entire Proposed Class**

In determining whether a plaintiff meets the threshold showing that a common unlawful policy or practice exists, courts "look to the (1) disparate factual and employment setting of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008). Moreover, the policy identified by plaintiff must involve practices that are compensable under the FLSA. *See IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005).

The only allegations in Plaintiff's Motion regarding an unlawful policy that would apply to all of the alleged similarly situated employees are based on Plaintiff's conjecture and

conclusory statements that each of the employees within the job titles at each of the Defendant Companies were subject to a common scheme across each of the Defendant Companies. In direct contradiction to Plaintiff's vague statements, the Defendant Companies are entirely separate corporations and employers. Grgurev Decl. ¶ 5-7, 9, 13; Turcinovic Decl. ¶ 5-7, 9, 13; Morovic Decl. ¶ 5-7, 9, 13; Pereira Decl. ¶ 5-7, 9, 13. Each of the Defendant Companies have distinct management, operations, strategies, business licenses, and marketing efforts. Compare Grgurev Decl. ¶ 3, 5-7; Turcinovic Decl. 3, 5-7; Morovic Decl. 3, 5-7; Pereira Decl. ¶ 3, 5-7. Scheduling, pay rates, recording of hours worked, and determination and issuance of compensation, are separate and distinct decisions for each Defendant Company. Grgurev Decl. ¶ 7, 12-13; Turcinovic Decl. ¶ 7, 12-13; Morovic Decl. ¶ 7, 12-13; Pereira Decl. ¶ ¶ 7, 12-13. For example, the General Manager of each restaurant is responsible for the determining the hours of service and work and payment of the employees, and wages are paid on each Defendant Company's own paychecks. Compare Grgurev Decl. ¶ 7, 12-13; Turcinovic Decl. ¶ 7, 12-13; Morovic Decl. ¶ 7, 12-13; Pereira Decl. ¶ 7, 12-13. Such differences are sufficient to defeat Plaintiff's weak statements in his declaration. *Castro*, at *4 (where the defendants disputed the plaintiffs' claims that the defendant restaurants operated as a single entity, and plaintiffs failed to present any evidence of a common policy, certification was not appropriate).

   **C.**  **Plaintiff Fails to Demonstrate that Members
of a Class Would be Similarly Situated**

   A plaintiff seeking conditional certification also must show a "factual nexus between [his situation] and the situations of other current and former employees whom plaintiff[] seek[s] to join as putative members of the collective action." *Diaz v. Elecs. Boutique of Am., Inc.,* No. 04-CV-0840(SR), 2005 WL 2654270, at *3 (W.D.N.Y. Oct. 17, 2005). Allegations and speculation alone will not suffice. *See Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 174


(W.D.N.Y. 2007) (affidavits suggesting that, on "unspecified occasions, some employees at other stores were allegedly not" paid for all time worked were held insufficient).

Plaintiff's evidence is largely non-existent and does not establish that he is similarly situated to the class he proposes. Plaintiff mentions, without any details, employees employed at Murano/Delmonico's Kitchen in the positions he describes as "kitchen staff," "waiter," "runner," and "busboy." Guaman Decl. at ¶ 3. First, "kitchen staff" is not a position listed in the proposed class definition. Second, Plaintiff does not mention any individuals within the other job titles encompassed in the proposed class definition (line-cooks, dishwashers, food preparers, porters, barbacks, or bartenders) or describe in any way how a policy also applies to those positions or describe in any way the common wage and hour policy application to the different Defendant Companies.

Being employed solely by Murano/Delmonico's Kitchen, Plaintiff identifies allegedly similarly situated employees based solely on conjecture that he "observed" that these employees were not paid overtime and were required to work while clocked out. Guaman Decl. at ¶¶ 3, 5. None of those individuals have submitted declarations supporting Plaintiff's allegations. Plaintiff does not identify any details about alleged FLSA violations with respect to any of these employees, such as dates of unpaid work, the type of work that went unpaid, whether any of the Defendants had knowledge of this work, which managers were responsible for the incorrect payments, or even whether this work took place within the FLSA limitations period within an identifiable restaurant and/or whether each Defendant Company corrected the situation when brought to its attention. This lack of evidence is sufficient to justify a denial of conditional certification of a class that extends across job positions and different employers, as Plaintiff has in no way demonstrated any factual nexus between his circumstances and any

alleged common circumstances of others in the proposed class are employed by other employers. *See, e.g., Khan v. Airport Mgmt. Svcs., LLC*, No. 10 Civ. 7735, 2011 WL 5597371, *4 (S.D.N.Y. Nov. 16, 2011) (plaintiff's reliance on unsupported allegations, without submitting declarations from the individuals named as similarly situated, was not sufficient for class certification); *Carruthers v. Keiser Sch., Inc.*, No. 8:09-cv-2641, 2010 WL 5055876, at *2 (M.D. Fla. Dec. 3, 2010) (where the plaintiff's declarations contained no details regarding the "particular circumstances" surrounding the alleged FLSA violations, they were not sufficient to show a pattern or practice, and certification was denied); *Simmons v. T-Mobile USA, Inc.*, Civil Action No. H-06-1820, 2007 WL 210008, at *2 (S.D. Tex. Jan. 24, 2007) (plaintiff's affidavit did "not provide any detail about [his] observations, such as how often he saw others work overtime, what he believed was overtime hours, or how he concluded that the overtime was uncompensated").

Moreover, Plaintiff's declaration contains allegations about alleged FLSA violations only with respect to employees who were employed at Murano/Delmonico's Kitchen. While Plaintiff states that two of these employees were employed at other restaurants "prior to working at Delmonico's Kitchen," he does not assert any allegations that they were subjected to a common policy in violation of the FLSA while employed at these other restaurants assuming the accuracy of such allegation.[1] Furthermore, these allegations are so vague and conclusory that it cannot be determined whether the hearsay allegations related to these two employees relate to work performed during the applicable limitations period. In fact, contrary to Plaintiff's

---

[1] Plaintiff's Declaration states that these two employees, in their work at the other restaurants, were not paid a spread-of-hours premium and did not receive a wage and hour notice or proper wage statements as required under New York State law. *See* Guaman Decl. at ¶¶ 6, 7, 8. Plaintiff has not, at this point, sought class certification of his state law claims. These allegations do not support conditional certification under the FLSA.

9

allegations, one of these employees, Jaime Bueno, was never employed at Scaletta. Grgurev Decl. ¶ 16. The other of these two individuals, Juan Palaguachi, worked at Arno from approximately September 6, 2008 to November 14, 2009, well more than three years before Plaintiff's Motion. Pereira Decl. ¶ 16. Only if the alleged employees were employed by the other restaurants during the limitations period, and the Motion contains sufficient evidence concerning FLSA violations occurring at those other employers during that period, might they provide any support for the contention that they were similarly situated to Plaintiff with respect to his FLSA claims while utilized by a different employer. *Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 317984, at *8 (E.D.N.Y. Feb. 1, 2011) (where plaintiffs failed to present any first-hand sworn evidence of FLSA violations at specific restaurant locations, a class could not be certified with respect to employees at those locations). Because only one of the two employees Plaintiff mentioned worked at a restaurant other than Murano/Delmonico's Kitchen, and only outside of the applicable limitations period, these two individuals cannot support class certification of any employees at restaurants other than Murano/Delmonico's Kitchen.

For these reasons, Plaintiff's Motion should be denied, because he has not met the threshold burden of establishing a factual nexus between his claims and entire scope of the proposed class.

### 1. Variations in Responsibilities, Hours, Pay Rates, and Other Factors of the Job Titles in the Proposed Class Make Conditional Certification Inappropriate

Courts recognize that significant differences in job classifications can render those employees in a putative class not similarly situated, wholly apart from different classifications utilized by different employers. *Vaicaitiene v. Partners in Care, Inc.*, No. 04-9125, 2005 WL 1593053, *6 (S.D.N.Y. July 6, 2005) (granting conditional certification only to those employees in a particular job title; rejecting claim to certify a class including employees in other job titles);

10

*Reed v. Mobile Cnty. Sch. Sys.*, 246 F. Supp. 2d 1227, 1232 (S.D. Ala. 2003) (denying conditional certification where the proposed class consisted of multiple job titles "[w]ith significantly different job duties and work schedules" and without "a showing that they and the members of the proposed class are similarly situated with respect to job title").

Plaintiff asks the Court, in his Motion, to conditionally certify a class "of other non-exempt employees, including cooks, line-cooks, dishwashers, food preparers, porters, runners, bussers, waiters, barbacks and bartenders" employed at the Restaurants, using allegations relating to Murano/Delmonico's Kitchen. Motion at 1. Plaintiff fails, however, to describe these positions, including their job duties, their schedules, or any details about their compensation except making the conclusory allegation that they were all subject to common compensation policies. These allegations have been indisputably contradicted by the direct evidence as to the Defendant Companies' varied employment policies and the declarations attached hereto. Furthermore, many of these positions are completely unsupported by Plaintiff's hearsay evidence, as he only mentions that employees in a few of the positions covered by Plaintiff's proposed class employed by Murano/Delmonico's Kitchen were impacted by the alleged FLSA violations.

### 2. The Proposed Scope of the Class is Also Inappropriate by Virtue of the Applicable Statute of Limitations

Additionally, the class which Plaintiff asks the Court to conditionally certify is inappropriate in scope, in particular because it seeks certification of a class extending back six (6) years from the date the Court issues an Order on the Motion. The statute of limitations for the FLSA claims alleged is two (2) years, or three (3) years if Plaintiff establishes a willful violation. 29 U.S.C. § 216 (b). A class can be conditionally certified under the FLSA for the maximum three year period. *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400

(E.D.N.Y. 2011); *Trinidad v. Pret A Manger (USA) Ltd.*, --- F. Supp. 2d ----, 2013 WL 3490815, at *14 (S.D.N.Y. June 11, 2013).[2] Therefore, Plaintiff's Motion should be denied.

### D. Plaintiff's Proposed Notice Reflects the Fatal Deficiencies in His Certification Motion

The deficiencies in Plaintiff's Motion are amply demonstrated in his proposed Notice of Collective Action and Opportunity to Join ("Proposed Notice"), attached as Exhibit A to the Motion. The class defined in the Proposed Notice is far too broad, encompassing many potential job titles and positions, across entirely distinct employers, to be "substantially similar" as required for conditional certification. The applicable period of the proposed class, as discussed above, is significantly too long for conditional certification under the FLSA. Furthermore, the applicable period in the Proposed Notice is inconsistent with the applicable period requested in the Motion. Proposed Notice at 1 ("any time from June 5, 2007 to the present," which would be six years and more than three months from the date when the Court issues an Order on this Motion); *cf.* Motion at 10 (seeking a list of all 'Covered Employees' who were employed "at any point in the six years prior to the entry of the Order").

Beyond the material deficiencies within the class definition, however, Plaintiff's Proposed Notice is rife with other errors that would confuse putative class members and which would serve to keep any putative class members uninformed. Plaintiff hardly acknowledges

---

[2] Defendants recognize that some courts in this Circuit have certified FLSA collective actions to provide notice to individuals who were employed as far back as six years prior. *See, e.g., Winfield v. Citibank, N.A.*, 843 F. Supp. 2d. 397, 410-11 (S.D.N.Y. 2012). However, unlike in those cases, Plaintiff has not sought class certification of his New York Labor Law claims, as yet, and there would be confusion if individuals were to receive notice of a collective action that they would ultimately be barred from joining on the basis of the statute of limitations. *Trinidad*, at *16. Furthermore, approving class notice for a six year period would greatly increase the costs of this litigation, as individuals who are barred by the statute of limitations would inevitably attempt to opt in, and the parties will have to expend unnecessary resources seeking the dismissal of the claims of these individuals.

Defendants' various defenses, noting Defendants' responses to Plaintiff's allegations in a single generic statement that wholly understates the extent of these defenses. *Id.* at p. 2 ("Defendants deny that the Plaintiff's claims have merit."). Such statement fails to put any potential opt-in plaintiffs on notice about Defendants' position.

Based upon the above-stated deficiencies, it is clear that Plaintiff is not even sure of the relief requested from this Court, and conditional certification cannot be granted based on Plaintiff's speculation and uncertainty. Accordingly, the Proposed Notice fails to put putative opt-in plaintiffs on notice of the facts and circumstances surrounding the lawsuit and about applicable law. For these reasons, conditional certification should be denied.[3]

## IV.    CONCLUSION

For all the reasons stated herein, and in the accompanying papers filed in support of Defendants' Opposition, Plaintiff's Motion for Conditional Certification and for Court Facilitation of Notice Pursuant to 29 U.S.C. § 216 (b) should be denied.

---

[3] Should the Court determine that conditional certification is appropriate at this point, however, Defendants respectfully request that the Proposed Notice be appropriately modified to contain a proper definition of the putative class, accurately describe the litigation (including the parties and Defendants' defenses to Plaintiff's claims), and correct any misstatements of law and typographical errors set forth therein.

Dated: October 1, 2013
       New York, New York

Respectfully submitted,

**CROWELL & MORING LLP**

By:   */s/ Jeffrey W. Pagano*
      Jeffrey W. Pagano

Ira M. Saxe
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 223-4000

Attorneys for Defendants Five "M" Corp., Balarini Restaurant Corp., Ocinomled, Ltd., 50/50 Restaurant Corp., Milan Licul and Dennis Turcinovic

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2013, I caused to be electronically filed a true and correct copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND FOR COURT FACILITATION OF NOTICE PURSUANT TO 29 U.S.C. § 216 (b) utilizing the Court's CM/ECF system, which will automatically send notice of such filing to Plaintiff's following attorneys of record listed below:

> C.K. Lee, Esq.
> Lee Litigation Group, PLLC
> 30 East 39th Street, Second Floor
> New York, NY 10016

Dated:  October 1, 2013
        New York, NY                    */s/ Jeffrey W. Pagano*
                                         Jeffrey W. Pagano

NYACTIVE-13479742.1