UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/2013

JORGE GUAMAN,
                             Plaintiff,

              -against-

5 "M" CORP., *et al.*,
                          Defendants.

-----------------------------------------------------------X

13 Civ. 03820 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

     Before the Court is Plaintiff's motion for conditional collective certification and for Court facilitation of notice pursuant to 29 U.S.C. § 216(b).  For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

I.      **Background**

     Plaintiff Jorge Guaman, on behalf of himself and others similarly situated, brings claims under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") and the New York Labor Law ("NYLL").  Plaintiff asserts claims for violations of these statutes against two individual defendants -- Milan Licul and Dennis Turcinovic; and four corporate defendants -- Five "M" Corp., Balarini Restaurant Corp.. Ocinomled, Ltd., and 50/50 Restaurant Corp. (collectively, "Defendants").  Defendants are in the restaurant business:  Five "M" Corp. operated Murano Ristorante until October 2012, and now operates Delmonico's Kitchen; Balarini Restaurant Corp. operates Arno Ristorante; Ocinomled, Ltd. operates Delmonico's Restaurant, and 50/50 Restaurant Corp. operates Scaletta Ristorante.  Plaintiff seeks collective certification of and Court-authorized notice to "all non-exempt employees, including cooks, line-cooks, dishwashers, food preparers, porters, runners, bussers, waiters, barbacks and bartenders"

employed at (1) Murano Ristorante/Delmonico Kitchen; (2) Arno Ristorante; (3) Delmonico's Restaurant and (4) Scaletta Ristorante within six years from the filing of the Complaint.

Plaintiff Jorge Guaman worked as a cook at Murano Ristorante, later Delmonico Kitchen, from August 21, 2006 until February 15, 2013.  Delmonico Kitchen reopened in the same location as Murano Ristorante with the same employees a few weeks after Murano Ristorante closed in October 2012.  Plaintiff states that during his employment at Murano Ristorante from August 21, 2006, until approximately October 1, 2012, he typically worked five days each week, eleven hours per day, and was paid $575.00 in cash weekly, regardless of hours worked.  Along with weekly cash payments, he received a wage statement that falsely stated his hours and pay. Plaintiff names other Murano employees, who similarly received fraudulent wage statements and were not paid for overtime, consisting of five "kitchen staff," three waiters, two busboys and one runner.

When Murano restaurant reopened as Delmonico's Kitchen, in late-October 2012, Plaintiff states that he began to be paid on an hourly basis, but that his wage statements were still fraudulent because he was required to "clock out" for an hour-long meal break, even though he continued to work during this time.  Plaintiff identifies the same five kitchen staff, three waiters, two busboys and one runner, who he states also worked at Delmonico's Kitchen and were required to clock out for a hour-long meal even though they continued to work during the break.

Plaintiff declares that the four restaurants—Murano Ristorante/Delmonico Kitchen, Arno Ristorante, Delmonico's Restaurant and Scaletta Ristorante—share common ownership and management and that the individual Defendants control and operate the four restaurants as a common enterprise.  Plaintiff states that he personally delivered food from Delmonico Kitchen to Arno Ristorante.  He declares that he learned through conversations with an employee from Arno

Ristorante and an employee from Scaletta Ristorante that all four restaurants followed the same wage and hour policies.

Defendants, in turn, maintain that they are separate corporate entities with separate strategic operations, identities, employees and management. Defendants submitted affidavits from the four general managers at the respective restaurants, attesting to the fact that each restaurant is separately managed and operated and that the general manager at each restaurant is responsible for the payment of their respective employees. In opposition to the motion, Defendants argue: (1) that Plaintiff has failed to demonstrate a common policy or practice in existence at the four restaurants; (2) that the employees in Plaintiff's proposed class are not similarly situated and (3) that the six-year proposed notice period exceeds the FLSA statute of limitations.

## II.    Legal Standard

In a collective action under FLSA, unlike a class action under the Federal Rules of Civil Procedure, only plaintiffs who affirmatively opt into the case can benefit from the judgment or be bound by it. *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 WL 2853971, at *2 (S.D.N.Y. Oct 5, 2006) (Lynch, J.). Although orders facilitating notice are often referred to as orders "certifying" a collective action, the FLSA does not contain a certification provision. *Id.* "Certification" is simply "the district court's exercise of the discretionary power . . . to facilitate the sending of notice to potential class members." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2d Cir. 2010). Section 216(b) of the FLSA provides that an action "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Although the term "similarly situated" is not defined by the FLSA or its

3

implementing regulations, "district courts in this Circuit consistently follow a two-stage

method—recently endorsed by the Second Circuit—in determining whether potential opt-in

plaintiffs are indeed 'similarly situated.'" *Khan v. Airport Mgmt. Servs., LLC*, No. 10 Civ. 7735,

2011 WL 5597371, at *2 (S.D.N.Y. Nov. 16, 2011) (citing *Myers*, 624 F.3d at 554-55).

       In the first stage of the inquiry, to establish that the named plaintiffs are "similarly

situated" to the potential opt-in plaintiffs, they must "make a 'modest factual showing' that they

and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the

law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261

(S.D.N.Y. 1997)).  "The modest factual showing cannot be satisfied simply by unsupported

assertions, but it should remain a low standard of proof because the purpose of this first stage is

merely to determine *whether* similarly situated plaintiffs do in fact exist . . . ." *Id.* (citations and

internal quotation marks omitted).  At this procedural stage, "the court does not resolve factual

disputes, decide substantive issues going to the ultimate merits, or make credibility

determinations." *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y.

2010) (citation omitted).  Typically this evidentiary burden may be satisfied by credible witness

affidavits, including affidavits by plaintiffs.  *Shi Yong Li v. 6688 Corp.*, No. 12 Civ. 6401, 2013

WL 5420319, at *1 (S.D.N.Y. Sept. 27, 2013) (citation omitted).  If the plaintiffs demonstrate

that "similarly situated" employees exist, the Court should conditionally certify the class, order

that appropriate notice be given to putative class members and the action should continue as a

"collective action throughout the discovery process." *Cunningham*, 754 F.Supp.2d at 644

(citation omitted).

       The second step, typically taken upon the completion of discovery, requires the court to

determine, "on a fuller record, . . . whether a so-called 'collective action' may go forward by

determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the

Plaintiffs." *Myers*, 624 F.3d at 555.  "The action may be 'de-certified' if the record reveals that

they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.*

## III.    Application of Facts to Law

Plaintiff has made a modest factual showing that the employees at Murano Ristorante and

Delmonico Kitchen were similarly situated and were subjected to a common policy that violated

the law, but he has not satisfied his burden with respect to the employees at Arno Ristorante,

Delmonico's Restaurant or Scaletta Ristorante.

### A.  Common Policy or Practice

In determining whether to conditionally certify a collective class, courts consider whether

the plaintiffs have made a "modest factual showing that they and potential opt-in plaintiffs

together were victims of a common policy or plan that violated the law." *Harhash v. Infinity W.*

*Shoes, Inc.*, No. 10 Civ. 8285, 2011 WL 4001072, at *3 (S.D.N.Y. Aug. 25, 2011) (quoting

*Myers*, 624 F.3d at 555); *accord Castro v. Spice Place, Inc.*, No. 07 Civ. 4657, 2009 WL 229952,

at *3 (S.D.N.Y. Jan. 30, 2009) (denying conditional collective certification without prejudice

where "plaintiffs have not made the necessary showing that these actions were a reflection of a

common policy, maintained by all defendants, in violation of the FLSA").  "In this Circuit, courts

have regularly found named plaintiffs to be similarly situated to employees at locations where

they did not work, provided that the plaintiffs demonstrate that they were all subject to the same

allegedly unlawful policy or practice." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662

(S.D.N.Y. 2013) (quoting *Rosario v. Valentine Ave. Disc. Store, Co., Inc.*, 828 F. Supp. 2d 508,

516-17 (E.D.N.Y. 2011) (collecting cases)).

Here Plaintiff has made a showing that he and other non-exempt employees at Murano

Ristorante and Delmonico Kitchen were subjected to the same unlawful policy.  Specifically Plaintiff asserts that he and other employees at Murano Ristorante were not compensated for overtime hours worked, and that when Murano Ristorante reopened as Delmonico Kitchen, Defendants continued to violate the FLSA, but in a different way:  they forced employees to "clock out" and continue working during their breaks.

The evidence, however, is insufficient for Plaintiff to meet even his modest burden to show that the employees at Arno Ristorante, Delmonico's Restaurant or Scaletta Ristorante (the "Other Restaurants") were subjected to the same unlawful policy.  Plaintiff relies on his own declaration to show that "all four restaurants followed the same wage and hour policies." Plaintiff states that he learned this through conversations with two other employees, one who worked at Arno Ristorate, the other at Scaletta Ristorante, at unspecified times.  Plaintiff also relies on Defendants' website, YouTube channel, a January 13, 2013 article in the New York Post and licensing information to show that the four restaurants are under common management. Plaintiff, however, provides no corroborating evidence that violations of the FLSA occurred at the Other Restaurants and fails to detail the practice or practices that allegedly resulted in violations—that is whether the employees at the Other Restaurants were subjected to an unlawful failure to pay overtime as allegedly occurred at Murano Ristorante, or an unlawful "clock out" practice as allegedly occurred at Delmonico Kitchen.  Nor does Plaintiff allege that the Other Restaurants similarly changed their compensation practices, as Plaintiff has stated Delmonico Kitchen did in October 2012—a fact that, if true, could show a coordinated compensation policy across the four restaurants.  Plaintiff's evidence of common ownership is not evidence that the same unlawful employment policy was in place at each of the four restaurants, especially in light of the affidavits from the four general managers of the Other Restaurants, each stating that their

respective restaurants do not coordinate payment of employees.

### B.  Members of Class Similarly Situated

Defendants also argue that collective certification should be denied because Plaintiff is not similarly situated to the members of the proposed class.  Defendants argue that variations in responsibilities, hours, pay rates and job titles render members of the potential opt-in class not similarly situated.

To show that Plaintiff is similarly situated to the proposed class at this stage, "[a] named plaintiff is not required to show an actual FLSA violation, but rather only that a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs." *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 92 (E.D.N.Y. 2010) (citation and internal quotation marks omitted).  In the Second Circuit, courts routinely find employees similarly situated "despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010) (citation omitted); *accord Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) (noting that the fact that "the members of the group which plaintiffs ask the court to preliminarily certify occupy literally hundreds of job positions" does not necessarily undermine the motion because the "similarly situated analysis . . . centers upon the features which make the particular policy or practice unlawful").

Here Plaintiff has submitted evidence that he and other non-exempt employees at Murano Ristorante/Delmonico Kitchen were subjected to the same policy of failing to compensate them initially for all hours worked and subsequently requiring them to clock out for lunch.  At least at this initial stage, Plaintiff has satisfied his minimal burden to show that he is similarly situated

with the other potential opt-in plaintiffs employed at Murano Ristorante/Delmonico Kitchen.  *See Espinoza v. 953 Associates LLC*, 280 F.R.D. 113, 126 (S.D.N.Y. 2011) (certifying class, including servers, hosts, delivery-persons, runners, bus-persons, porters, bartenders, cooks, food preparers, dishwashers, and flyer distributors where plaintiffs provided evidence that their payroll checks did not accurately reflect all hours that they worked and employees were made to "clock out" for an hour each shift); *Williams v. Twenty Ones, Inc.*, No. 07 Civ. 3978, 2008 WL 2690734, at *1-2 (S.D.N.Y. June 30, 2008) (certifying FLSA collective action of sports bar's office workers, waiters, bartenders, runners, and bussers where various violations of the FLSA alleged); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 320, 322 (S.D.N.Y. 2007) (certifying class of "all non-exempt persons employed by Defendants in any hourly position, including but not limited to waiters, bartenders, runners and/or bussers" where "all putative class members are employees of the same restaurant enterprise and allege the same types of FLSA violations"); *see also Romero v. La Revise Assocs., L.L.C.*, No. 12 Civ. 8324, 2013 WL 5041458, at *5 (S.D.N.Y. Sept. 16, 2013) ("The affidavit of a plaintiff attesting to the existence of similarly situated plaintiffs is sufficient for the purposes of a motion to approve a collective action." (quoting *Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, No. 12 Civ. 1054, 2013 WL 2284882, at *2-3 (S.D.N.Y. May 23, 2013))).  Accordingly, Plaintiff has met the minimal evidentiary burden necessary at this stage for the Court to determine that he is similarly situated to all non-exempt employees, including cooks, line-cooks, dishwashers, food preparers, porters, runners, bussers, waiters, barbacks and bartenders at Murano Ristorante/Delmonico Kitchen, but not at Arno Ristorante, Delmonico's Restaurant or Scaletta Ristorante.

### C.  Time Period

Defendants also argue that the six-year proposed notice period exceeds the statute of

limitations under the FLSA.  The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years.  29 U.S.C. § 255(a). "Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."  *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (citation omitted).  Plaintiffs, however, request a six-year notice period, because they also have asserted claims under the NYLL, which has a six-year statute of limitations.  N.Y. Lab. Law § 198(3).

"[W]here, as here, Plaintiffs' Complaint also includes [NYLL] claims, courts in this District routinely deny requests to limit the Notice time period [to three years], as even where claims are untimely under FLSA, they may shed light on the appropriateness of certifying a class action under the NYLL."  *Harhash*, 2011 WL 4001072, at *4; *accord Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012) (noting that "several courts in this Circuit have deemed it appropriate to grant six-year rather than three-year notice periods" where plaintiff also asserts at NYLL claim) (collecting cases); *Pancho Villa's*, 678 F. Supp. 2d at 94-95 ("Even though district courts in this Circuit have granted both six and three year periods in similar cases, this Court finds it prudent and expedient in this case to allow a six-year period to apply, even if some recipients of the notice will have claims that are time-barred under the FLSA.") (citation omitted).

### D.  Form of Notice

Defendants object to Plaintiff's proposed form of notice.  In addition to the claim that it is overly broad, Defendants contend that the proposed notice contains errors and does not adequately detail Defendants' defenses.  In their reply papers, counsel for Plaintiff state that they will confer with Defendants on an appropriate form to the extent that the class is certified.

Plaintiff and Defendants are directed to confer and to submit a revised form of notice consistent with this opinion within two weeks.  The Court agrees that a Spanish translation of the notice is proper.

## IV.    Conclusion

For the reasons stated above, Plaintiff's motion to conditionally certify a collective action is GRANTED in part and DENIED in part.  The parties shall submit a revised form of notice, consistent with the above opinion, by **November 4, 2013**.  Plaintiffs' request for discovery of class information pursuant to § 216(b) and to have the notice and consent forms posted at an agreed upon location at Delmonico's Kitchen is also granted.  By **November 4, 2013**, Defendants shall provide an Excel spreadsheet that the contains the names, title, compensation rate, period of employment, last known mailing address, email address and telephone number for all non-exempt employees who were employed by Murano Ristorante or Delmonico Kitchen at any time in the six years preceding the filing of the Complaint.

The Clerk of the Court is ordered to close the motion at docket number 27.

SO ORDERED.

Dated: October 22, 2013
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

10